IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CASE NO.: 1:21-cr-500-RAH |
| | )         [WO] |
| JASON STARR and | ) |
| DARIN STARR | ) |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Government's *Motion in Limine to Exclude Evidence* (Doc. 124). The Court heard argument concerning this Motion on September 7, 2023, and the parties have provided supplemental briefing on the issues contained in the Motion.

In the Government's Motion, the Government seeks to "exclude evidence of a defense alternate perpetrator theory related to Leonard Michalski," arguing that this evidence is unfairly prejudicial, confuses the issues, misleads the jury, and wastes time. Specifically, the Government seeks to exclude any evidence of Michalski as an alternative perpetrator based on the lack of evidence that directly connects Michalski to the murder of Sara Starr.

In his *Response* (Doc. 147), Defendant Darin Starr ("Defendant Starr") argues that the investigation into Michalski is relevant to his defense and the evidence of Michalski's *possible* involvement is probative and outweighs the prejudicial effect to the Government's case and does not confuse the issues. During the hearing,

1

Defendant Starr conceded that Michalski could not have been the person who murdered Sara Star on the morning of November 27, 2017, because Michalski was either preparing for or was piloting an Army helicopter at Fort Novosol at the time of the murder.

Typically, in making an alternate perpetrator argument, a defendant offers up the name of another person who committed the crime—here, the triggerman or shooter—and points to evidence, such as an admission by that alleged alternate perpetrator, that he was the one who actually committed the crime or was involved in it. But that is not the case here.

Here, Starr points to no evidence, and makes no argument, that implicates Michalski as the shooter or triggerman in the murder of Sara Starr. Indeed, at the time of Sara Starr's murder on November 27, 2017, at approximately 6:30 AM, Michalski was seen at Fort Novosel (Carins Field) by multiple Army employees. Michalski was training to be a helicopter flight instructor and arrived at Fort Novosel at 5:30 AM to begin a pre-flight briefing, began a pre-flight inspection at 6:30 AM, and lifted-off at approximately 7:30 AM. Michalski's flight lasted between 7:30 AM until approximately 10:30 AM. At no time during the period between 5:30 AM and 10:30 AM was Michalski out-of-sight of other Army employees and Army records reflect that Michalski arrived on base and participated in the flight that morning. In short, there is no conceivable method in which Michalski could have murdered Sara

Starr on November 27, 2017.  Defendant Starr concedes as much.

As such, Defendant Starr's alternate perpetrator theory rests not on Michalski's involvement as the actual shooter or triggerman, but that Michalski had some sort of other involvement from afar.  Necessary to that theory is that someone else actually killed Sara Starr.  Defendant Starr does not present any evidence or argument of who that person actually is, or how that person became involved, or how Michalski is connected to that person, or what motive that person had to kill Sara Starr.  Those crucial facts can only be filled by rank speculation and conjecture.

Aside from those glaring omissions, the only evidence cited by Defendant Starr that purportedly links Michalski to Sara Starr's murder is that (1) the two had a "negative" interaction at Walmart in Enterprise, Alabama on November 18, 2017—nine days before her murder, (2) Sara Starr purportedly texted a friend about an "unsettling" interaction with Michalski, (3) Michalski owned a 1996 Harley-Davidson motorcycle and that *someone* was driving a similar make and model motorcycle in Sara Starr's neighborhood on the evening before her murder as reflected on residential surveillance footage, (4) Michalski drove a white Ford mustang, similar to a vehicle shown on residential surveillance footage shortly after Sara Starr was murdered, (5) Michalski was interviewed by law enforcement during which Michalski informed law enforcement that he had previously told Jason Starr that if something "happen[ed] to [Sara] . . . you're the first one that they're gonna

start looking at," and (6) Michalski[1] committed suicide on March 5, 2018, and left a suicide note denying being involved in Sara Starr's murder and offering the names of several other persons of interest that should be interviewed, including the Defendants Jason and Darin Starr.

As to the evidentiary support for these assertions, Defendant Starr has only submitted the suicide note, which the Court has read. Defendant Starr has not submitted the video footage, the Sara Starr texts, or the Michalski interview, but the Court proceeds based on what Defendant Starr's counsel has proffered through representations from counsel about this evidence.

To advance an alternate perpetrator theory, the evidence must both be relevant and admissible. *See Holmes v. South Carolina*, 547 U.S. 319, 326-27 (2006). As the Supreme Court has stated, "the Constitution permits judges to exclude evidence that is repetitive, only marginally relevant, or poses an undue risk of harassment, prejudice, of confusion of the issues." *Id.* Evidence of third-party guilt that is remote, lacks connection with the crime, is speculative in nature, or does not tend to prove or disprove a material fact in issue is proper to be excluded. *Id.* (quoting 41 C.J.S., Homicide § 216, pp. 56-58 (1991); 40A Am.Jur.2d, Homicide § 286, pp. 136-13 (1999)).

While the parties cite no Eleventh Circuit precedent directly on point, another

---

[1] Apparently, Michalski personally knew Jason Starr from working at Fort Novosel and therefore had knowledge of various details about the Defendants and Sara Starr.

4

judge in this District dealt with a similar issue nearly 30 years ago. In *United States v. Johnson*, 904 F. Supp. 1303, 1307 (M.D. Ala. 1995), Judge Thompson outlined the inquiry as follows:

> In determining whether a defendant is entitled to admission of third-party exculpatory evidence, the trial court must engage in a balancing of interests. *See Cikora v. Dugger,* 840 F.2d 893, 898 (11th Cir.1988) (fourteenth amendment's due process clause requires "a balancing of interests" in determining whether third-party exculpatory evidence is admissible). The court must weigh the defendant's "strong interest in presenting exculpatory evidence" against the state's interest "in promoting reliable trials, particularly in preventing the injection of collateral issues into the trial through unsupported speculation about the guilt of another party." *Id.* To satisfy this balancing test, there must be "some showing of a nexus between the other party and the particular crime with which a defendant is charged." *Id.* Of course, this nexus must be substantial—that is, probative—and not tenuous or merely speculative.

*Id.* Balancing these and other interests as the Court must, the Court concludes that, based on the evidence and argument presented at the present moment, Defendant Starr's alternate perpetrator theory as to Leonard Michalski is far too speculative, conjectural, tenuous, prejudicial, confusing, misleading, unreliable, remote and wasteful to be admissible at trial. And to the extent any of the proffered evidence – assuming its admissibility – is relevant, its probative value is substantially outweighed by these issues, including its prejudice, confusion of the issues, misleading the jury, undue delay, and wasting time.

Michalski was not the shooter or triggerman and has given no inculpatory statement as to his involvement. Nor has anyone else implicated Michalski in Sara

Starr's murder. And the Defendants offer no evidence or argument as to who the shooter actually was, or that person's connection to Michalski, such as through phone records, texts, bank records, eyewitness accounts, or any other evidence. Instead, Defendant Starr seeks inclusion of Michalski as the perpetrator based in part on Michalski having a possible motive to murder Sara Starr (Jason Starr's ex-wife), and that motive,[2] according to Defendant Starr, is that Michalski had a dislike of Jason Starr and therefore, because of this dislike, Michalski was somehow involved in Sara Starr's murder.

Defendant Starr cites to no real evidence, and certainly none rising to the level of substantial and probative, actually linking or showing a "sufficient nexus" by Michalski to Sara Starr's murder. *See United States v. Hendricks*, 921 F.3d 320, 331 (2d Cir. 2019) (affirming the district court's exclusion of a photograph of an alleged perpetrator where the defendant failed to establish a nexus between the offense and the perpetrator); *United States v. Hicks*, 307 F. App'x 758, 761 (4th Cir. 2009) (affirming the district court's exclusion of evidence related to an alternate perpetrator theory that lacked a nexus between the offense and the offense); *Miller v. Brunsman*, 599 F.3d 517, 526 (6th Cir. 2010) (holding that exclusion of third-party perpetrator evidence on basis that defendant "failed to show a sufficient nexus" between third party and the offense was lawful); *United States v. McVeigh*, 153 F.3d

---

[2] Jason and Sara Starr were involved in a bitter divorce. Therefore, Defendant Darin Starr's theory that Michalski, out of hatred for Jason Starr, would want to kill Jason Starr's ex-wife makes little sense.

1166, 1191 (10th Cir. 1998) (affirming a lower court's exclusion of testimony about an alternate perpetrator hate group where no evidence established a nexus between the hate group and the Murrah Building bombing); *United States v. Moore*, 590 F. Supp.3d 277, 285–87 (D.D.C. 2022) (holding that the exclusion of evidence of alternate perpetrator based on evidence of a "history of bad blood" between the alleged perpetrator and the victim coupled with an anonymous allegation to law enforcement that the perpetrator was involved in the victim's death was lawful). *But see Johnson*, 904 F. Supp. at 1307 (denying a motion to exclude evidence of an alternate perpetrator where "clear and direct" evidence linked the perpetrator to the offense). As such, in considering the interests of the parties, the Court concludes that the Government's Motion is due to be granted and that Defendant Starr's defense alternate perpetrator theory related to Leonard Michalski is to be excluded.

Accordingly, it is ORDERED that the Government's *Motion in Limine to Exclude Evidence* (Doc. 124) is GRANTED. The Court notes that this ruling is made based on the evidence and argument presented by the parties at the present moment, and therefore the Court may revisit this ruling if additional evidence is presented by the Defendants.

DONE, on this the 9th day of September, 2023.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE